SLIP OPINION

Cite as 2013 Ark. 441

# SUPREME COURT OF ARKANSAS

No. CV-13-810

| | |
|---|---|
| CARL S. TURNER<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS; SHERI J. FLYNN, SEXUAL ASSESSMENT COMMITTEE; HON. ROBERT EDWARDS, CIRCUIT JUDGE; CHRIS C. RAFF, PROSECUTING ATTORNEY; BOB O' BRIAN, DETECTIVE; AND CYNTHIA J. BAKER, DEPUTY PROSECUTING ATTORNEY<br><br>APPELLEES | Opinion Delivered October 31, 2013<br><br>PRO SE MOTIONS TO APPOINT COUNSEL AND FOR TRANSCRIPT [HOT SPRING COUNTY CIRCUIT COURT, 30CV-13-35, HON. EDDY EASLEY, JUDGE]<br><br><br><br>APPEAL DISMISSED; MOTIONS MOOT. |

## PER CURIAM

In 1995, appellant Carl S. Turner was found guilty by a jury in the White County Circuit Court of burglary and attempted rape, and he was sentenced as a habitual offender to an aggregate term of 600 months' imprisonment. We affirmed. *Turner v. State*, 325 Ark. 237, 926 S.W.2d 843 (1996). In 2013, appellant filed in the Hot Spring County Circuit Court, the county in which he was incarcerated, a pro se petition for writ of habeas corpus under Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2006). The circuit court denied the petition on the ground that, at the time of the order, appellant was no longer incarcerated at a facility in Hot Spring County, and appellant lodged an appeal from the order in this court.

Now before us are appellant's motions to appoint counsel and for transcript. Because

SLIP OPINION

it is clear that appellant could not prevail on appeal, we dismiss the appeal, and the motions are therefore moot. An appeal from an order that denied a petition for postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appellant could not prevail. *Roberson v. State*, 2013 Ark. 75 (per curiam).

Any petition for writ of habeas corpus is properly addressed to the circuit court in the county in which the petitioner is held in custody, unless the petition is filed pursuant to Act 1780 of 2001, in which case the petition is properly filed in the court in which the conviction was entered. *Wilencewicz v. Hobbs*, 2012 Ark. 230 (per curiam). Arkansas Code Annotated section 16-112-105 requires that certain procedural requirements be met by a petitioner asking a court to issue a writ of habeas corpus. The writ must be directed to the person in whose custody the prisoner is detained. Ark. Code Ann. § 16-112-105 (b)(1). Additionally, the writ should be issued by a court that has personal jurisdiction over the defendant. *Borum v. State*, 2011 Ark. 415 (per curiam).

In the present matter, while appellant may have been incarcerated at a facility in Hot Spring County when he filed the petition, public records of the Arkansas Department of Correction confirm that appellant is no longer incarcerated at a facility within that county. A circuit court does not have jurisdiction to release on a writ of habeas corpus a prisoner not in custody in that court's jurisdiction. *Chestang v. Hobbs*, 2011 Ark. 404 (per curiam); *Buckhanna v. Hobbs*, 2011 Ark. 119 (per curiam). When a prisoner who seeks habeas relief is transferred to a facility in a different county, the circuit court in the county where the prisoner was previously

SLIP OPINION

incarcerated no longer has jurisdiction to issue and make a returnable writ. *Wilencewicz*, 2012 Ark. 230. Although the Hot Spring County Circuit Court may have retained subject-matter jurisdiction, it does not retain personal jurisdiction over the person in whose custody the prisoner is detained, and an order by that court will not act to effect his release. *Id.* This court will dismiss an appeal of the denial of a petition for writ of habeas corpus where the appellant is no longer incarcerated in the county where his petition was filed because the court can no longer grant the relief sought. *Id.*

Appeal dismissed; motions moot.

*Carl S. Turner*, pro se appellant.

No response.